UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BRITTA RADULOVIC; WILLIAM SIMON, AS TRUSTEE OF THE BRITA VAN HORN TRUST, and DOES 1-10,<br><br>Defendants. | Case No. 5:16-cv-02258-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 25 |

Pursuant to 28 U.S.C. § 1335, plaintiff American General Life Insurance Company (American General) filed this statutory interpleader action due to potential conflicting claims to $50,000 in benefits to be paid under a life insurance policy issued to Sigrid Radulovic, now deceased (Insured). The named defendants are Britta Radulovic (Radulovic), the Insured's daughter, and William Simon (Simon), sued here as trustee of the Brita Van Horn Trust (Trust).

Radulovic waived service of process and answered the complaint. (Dkts. 15, 21). Simon was served with process (Dkt. 17), but failed to answer or otherwise respond. His default was entered on July 26, 2016. (Dkt. 23).

American General now moves for default judgment against Simon. Radulovic filed a statement of non-opposition to the motion. (Dkt. 26). Although the docket indicates that Simon

1  was served with notice of the motion (Dkt. 25-4), he did not file any response, and briefing on this

2  matter is closed. The motion is deemed appropriate for determination without oral argument, and

3  the August 30, 2016 motion hearing is vacated. Civ. L.R. 7-1(b).

4  Although American General and Radulovic have consented to the undersigned's

5  jurisdiction, Simon is in default and has not consented to the jurisdiction of a magistrate judge

6  under 28 U.S.C. § 636(c). Accordingly, this court will reassign this matter to a district judge,[1]

7  with the following report and recommendation that plaintiff's motion for default judgment be

8  granted.

## BACKGROUND

American General's complaint alleges the following facts:

In 1994, Old Line Insurance Company (Old Line) issued a $50,000 life insurance policy number 2030250L to the Insured, and Radulovic was the designated beneficiary. (Dkt. 1, Complaint, Ex. A).

Old Line subsequently received a Change of Beneficiary form, signed by the Insured and dated August 2, 1995, designating the primary beneficiary under the policy as follows: 50% to Radulovic and 50% to the Brita Van Horn Trust, c/o William S. Simon, Simon, Turnbull & Martin, Chartered, 1299 Pennsylvania Avenue, N.W., Suite 1050 East, Washington D.C. 20004-2400. (Complaint, Ex. B).

Old Line also received a document titled "Assignment of Life Insurance Policy as Collateral" dated September 5, 1995. That document, which was signed by the Insured, assigned and transferred the policy to the Brita Van Horn Trust c/o William D. Simon. (Complaint, Ex. C).

Old Line subsequently merged with American General, which says it is solely responsible for payment of benefits under the policy, as well as for all other aspects of administration of the policy and claims made under the policy.

In October 2013, Radulovic notified American General that the Insured died on June 23, 2013. She submitted a claim for benefits under the policy.

---

[1] All matters presently scheduled before this court, including the August 30, 2016 Initial Case Management Conference, therefore are vacated.

1    American General understands that Simon contends the entire proceeds under the policy
2    are due to the Trust.  However, plaintiff says that it wrote or spoke to Simon numerous times in
3    2013, 2014, 2015, and 2016, requesting the information required from him in order to process a
4    claim for benefits under the policy.  Simon reportedly indicated that the requested documentation
5    was forthcoming.  However, American General says that Simon has never sent any of the
6    necessary documents.

7    As such, American General filed this interpleader action, stating that it is unable to
8    determine who may be legally entitled to payment and that it may be exposed to multiple claims or
9    liability if it pays benefits to someone who is not entitled to them.

## LEGAL STANDARD

After entry of default, courts may, in their discretion, enter default judgment.  See Fed. R. Civ. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In deciding whether to enter default judgment, a court may consider the following factors:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.  Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

### A.   Default Judgment is Appropriate

Jurisdiction is proper in this court.  28 U.S.C. § 1335.  There are two potentially adverse claimants of diverse citizenship, and plaintiff has deposited with the court the funds in controversy, which exceed the required statutory minimum of $500. (Dkts. 12, 14).  Plaintiff's

counsel attests that Simon is not in active military service, an infant, or an incompetent person. (Dkt. 25-2, Brisbin Decl. ¶ 20). Although the record demonstrates that Simon properly was served with process on June 16, 2016 (Dkt. 17), he has not responded to the complaint; and, the July 7, 2016 deadline for his response has passed. Fed. R. Civ. P. 12(a).

On balance, the Eitel factors favor entry of default judgment here. Plaintiff would suffer prejudice if default judgment is not entered. This lawsuit concerns defendants' competing claims to the interpleaded funds. Without entry of default judgment, those claims cannot be finally resolved. See Sun Life Assurance Co. of Canada v. Kimble, 2007 WL 3313448 at *2 (E.D.Cal. Nov. 6, 2007); see also Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1034 (9th Cir. 2000) ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation.").

As discussed, the factual allegations of the complaint, except those relating to damages, are taken as true. Here, the facts pleaded by American General reveal competing claims to the policy benefits, and interpleader is the proper mechanism for resolving such claims. See Western Conference of Teamsters Pension Plan v. Jennings, No. C10-03629-EDL, 2011 WL 2609858 at *5 (N.D. Cal., June 6, 2011) ("'The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder (the so-called 'first stage' of interpleader) is whether the stakeholder legitimately fears multiple vexation directed against a single fund.'") (quoting Big Island Yacht Sales v. Dowty, 848 F. Supp. 131, 133 (D. Hawai'i 1993)). Moreover, Simon has failed to pursue his claim on behalf of the Trust.

As for the sum of money at stake, that factor is neutral and does not weigh for or against default judgment. American General has no interest in the interpleaded funds. Rather, the primary purpose of this litigation is to resolve conflicting claims to the funds and to protect American General from multiple liability as well as from the expense of multiple litigation. Bayona, 223 F.3d at 1034; see also Jennings, 2011 WL 2609858 at *3 (finding the sum of money at stake to be a neutral factor).

Because all factual allegations are deemed true, there is no possibility of a dispute as to material facts. Moreover, Simon has failed to appear or present a defense in this matter; and, there

is no indication that his default was due to excusable neglect. Indeed, the undisputed factual allegations show that plaintiff contacted him numerous times in 2013, 2014, 2015, and 2016 about the information and documents required to process a claim for payment. American General says that it wrote Simon a number of times in 2013, 2014, 2015, detailing the information required from him as trustee of the Brita van Horn Trust in order to process the claim for benefits under the policy. Additionally, plaintiff says that an American General representative also spoke with Simon in 2014 and 2015, requesting the documents and information identified in the numerous letters that had been sent to him. According to the complaint, in one phone call that took place around August 19, 2015, Simon indicated that the requested documentation was forthcoming. However, American General says that it received no documentation from him. And, despite follow-up email communications sent in December 2015 and in January and February 2016, plaintiff says that Simon has never sent any of the required documents. (Complaint ¶¶ 12-14, 17-22 and Exs. E, H-J; Brisbin Decl. ¶¶ 7-13). Plaintiff's counsel avers that after this lawsuit was filed, neither American General nor its counsel received from Simon any of the documentation necessary to process a claim for benefits. (Brisbin Decl. ¶ 15). Additionally, counsel says that Simon has never contacted him to discuss the lawsuit. (Id. ¶ 17). While the court prefers to decide matters on the merits, Simon's failure to participate in this litigation makes that impossible. See Sun Life Assurance Co., 2007 WL 3313448 at *3 (concluding that "where a defendant fails to answer the complaint, a decision on the merits is impractical, if not impossible.") (citation omitted)).

### B. Other Equitable Relief

American General also seeks an order permanently enjoining Simon "from instituting or prosecuting any proceeding in any State, or United States, Court against American General with respect to life insurance policy number 2030250L, that is the subject of this action." (Dkt. 25-1 at 3; Dkt. 25-3 at 2).

Statutory interpleader provides for injunctive relief as follows:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or

5

> prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361. Although the Anti-Injunction Act, 28 U.S.C. § 2283, limits the ability of federal courts to enjoin state court proceedings, it also provides a "relitigation exception" for injunctions that are "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; see also Trustees of ILWU_PMA Pension Plan v. Peters, 660 F. Supp.2d 1118, 1144-45 (N.D. Cal. 2009). A party seeking an injunction against relitigation can make the requisite showing for such relief "where there is a likelihood of costly and judicially wasteful relitigation of claims and issues that were already adjudicated in federal court." Peters, 660 F. Supp.2d at 1145 (citations omitted). For the reasons discussed above, this court concludes that default judgment as to Simon is appropriate. American General would suffer irreparable harm if faced with future claims to the interpleaded funds after this action has been adjudicated against him. Indeed, relitigation would defeat the purpose of this interpleader action. Accordingly, this court finds that American General is entitled to an order enjoining Simon from bringing any future claims against it relating to the subject policy.

## CONCLUSION

Because not all parties have consented to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a District Judge. Further, it is RECOMMENDED that:

- Plaintiff's motion for default judgment be granted as to defendant William Simon as Trustee of the Brita Van Horn Trust; and
- Defendant William Simon as Trustee of Brita Van Horn Trust is permanently enjoined from instituting or prosecuting any proceeding in any State, or United States, Court against American General with respect to life insurance policy number 2030250L, that is the subject of this action.

Any party may serve and file objections to this Report and Recommendation within

1  fourteen days after being served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3.

2  Dated:   August 24, 2016

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　HOWARD R. LLOYD
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

5:16-cv-02258-HRL Notice has been electronically mailed to:

Michael K. Brisbin   michael.brisbin@wilsonelser.com, jordana.better@wilsonelser.com, madelyn.morton@wilsonelser.com

5:16-CV-02258-HRL Notice sent by U.S. Mail to:

Britta Radulovic
1901 Felton Empire Road
Felton, CA 95018